FILED

2026 Apr-06  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RASHIDA GRIFFIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| WOODLANDS OF TUSCALOOSA (DE) | § | |
| LLC d/b/a REDPOINT TUSCALOOSA; | § | |
| and THE SCION GROUP, LLC. | § | |
| | § | |
| *Defendants*. | § | |

**NOTICE OF REMOVAL**

COME NOW Defendants Woodlands of Tuscaloosa (DE) LLC d/b/a Redpoint Tuscaloosa and The Scion Group, LLC (collectively "Defendants "), by and through their counsel of record, pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1331, and hereby give notice of their removal of Docket No. 01-CV-2026-901298.00; in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division on the basis of federal question jurisdiction.

Defendants assert the following facts in support of their removal of the state court action:

1

1.      Plaintiff Rashida Griffin commenced the state court action on or about March 24, 2026, by filing her Civil Complaint in the Circuit Court of Jefferson County, Alabama, Docket No. 01-CV-2026-901298.00. See copy of Plaintiff's Civil Complaint attached hereto as Exhibit "A."

2.      Defendants received a copy of the Civil Action Hearing Notice and the Civil Complaint through certified mail no earlier than March 30, 2026.

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants, in the state court action (along with other documents from the state-court docket, if any) are being filed with this Notice of Removal. See Exhibit "B."

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within the 30 days of Defendants' receipt of the Civil Complaint. Both Defendants consent to and join in this removal.

5.      The Circuit Court of Jefferson County, Alabama is located within the United States District Court for the Northern District of Alabama. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff has claimed in her Civil Complaint that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15

2

U.S.C. §§ 1692, *et. seq*. (Count One), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681. *et. seq*. (Count Six). Exhibit A.

7.    These federal claims appear on the face of the Complaint and constitute a substantial federal question sufficient to confer original jurisdiction under 28 U.S.C. § 1331. *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

8.    In addition to the two federal claims, the Complaint asserts the following state law claims:

(a)  Count Two — Breach of Contract (written payment arrangement);

(b)  Count Three — Fraudulent Misrepresentation, Fraudulent Suppression, and Fraudulent Inducement under Ala. Code §§ 6-5-101 and 6-5-102;

(c)  Count Four — Violations of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.;

(d)  Count Five — Violations of the Alabama Residential Landlord and Tenant Act, Ala. Code § 35-9A-101 et seq.;

(e)  Count Seven — Unjust Enrichment;

(f)  Count Eight — Promissory Estoppel; and

(g)  Count Nine — Declaratory and Injunctive Relief under Ala. Code § 6-6-220 et seq.

3

9.      All claims arise from the same nucleus of operative fact: the termination of two housing agreements, the subsequent debt collection efforts, and the furnishing of allegedly inaccurate information to consumer reporting agencies.

10.     This Court has supplemental jurisdiction over the foregoing state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are "so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution." *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

11.     No basis exists for declining supplemental jurisdiction under 28 U.S.C. § 1367(c). The state law claims do not raise a novel or complex issue of state law that would predominate over the federal claims, and retaining jurisdiction serves the interests of judicial economy, convenience, and fairness. *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 530 (11th Cir. 2015).

12.     Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal filed with the Circuit Court of Jefferson County, Alabama, is attached hereto as Exhibit "C" and proof of service on Plaintiff's Counsel is attached hereto as Exhibit "D."

13.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved, including, without limitation, defenses pertaining to personal jurisdiction and service of process.

4

14.    Plaintiff has also sued "Fictitious Defendants 1-10." Exhibit A. But Plaintiff has neither properly named nor properly served such Fictitious Defendants for Defendants to obtain their joinder or counsel to this removal. See 28 U.S.C. § 1446(b)(2)(A).

15.    Defendants will file their Answer or other responsive pleading in a timely manner pursuant to Fed. R. Civ. P. 81(c).

WHEREFORE, Defendants hereby remove this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446.

Respectfully Submitted April 3, 2026,

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>2100 SouthBridge Parkway Ste 650<br>Birmingham, AL 35209<br>Telephone:  659-225-3056<br>dzaveri@wshblaw.com<br>dyarbro@wshblaw.com | _/s/ Dhvanil S. Zaveri_<br>Dhvanil S. Zaveri (ASB4025V22Y)<br>R. Andrew Yarbro (ASB2053F21Q)<br>_Attorneys for Woodlands of Tuscaloosa (DE) LLC d/b/a Redpoint Tuscaloosa  and The Scion Group, LLC_ |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date,  April 3, 2026, submitted the foregoing document with the clerk of court for the Circuit Court of Jefferson County, Alabama using the electronic case filing system of the court and served the document to all counsel as follows:


Maurice J. Scott Sr., Esq.
VIA EMAIL: mscott@unitedlegalteam.com
University Dr. NW,
STE B
Huntsville, Alabama 35816
ATTORNEY FOR PLAINTIFF


*/s/ Dhvanil S. Zaveri*
OF COUNSEL

6